**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VAUGHN ALLEN, an individual, | No. 09-56029 |
| Plaintiff-Appellant, | D.C. No. 2:08-cv-03671-MMM-CW |
| v. | |
| FEDEX EXPRESS, a corporation, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted November 5, 2010
Pasadena, California

Before: PREGERSON, RIPPLE,[**] and GRABER, Circuit Judges.

Vaughn Allen brought this action in California state court alleging that he

was discharged by his employer, FedEx Express Corporation ("FedEx"), in

violation of the California Fair Employment and Housing Act ("FEHA"), Cal.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Kenneth F. Ripple, Senior United States Circuit Judge
for the Seventh Circuit, sitting by designation.

Gov't Code §§ 12940-96.  The district court, in two separate opinions, granted summary judgment to FedEx, and Mr. Allen now appeals.   We affirm.

## 1.

We agree with the district court that, viewing the facts in the light most favorable to Mr. Allen, he satisfied the burdens of a prima facie case of discrimination under the FEHA.  Specifically, Mr. Allen has presented sufficient evidence that his employer perceived him as disabled:  FedEx was aware of his seizure history, his extended medical leaves and his on-going need for medications to control his seizures; his first supervisor told him that he should come to work even if the paramedics had to bring him in; his second supervisor told him that he would be sent home if he looked sick.  Winarto v. Toshiba America Electronics Components, Inc., 274 F.3d 1276, 1291 (9th Cir. 2001), is not to the contrary.  Although in Winarto we found physicians' notes detailing the plaintiff's limitations to be insufficient to show that the employer perceived her as disabled, our conclusion focused significantly on the transient nature of that plaintiff's conditions.  The indefinite duration of Mr. Allen's condition makes it substantially different from the back and ankle injuries in Winarto.

2.

FedEx presented evidence of a legitimate, non-discriminatory reason for Mr. Allen's discharge, namely, on-going performance problems. Under the framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), the burden shifted back to Mr. Allen to produce evidence that FedEx's "articulated reason is pretextual either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Nicholson v. Hyannis Air Serv., Inc., 580 F.3d 1116, 1126-27 (9th Cir. 2009) (internal quotation marks omitted).

We agree with the district court that Mr. Allen has failed to sustain this burden. Mr. Allen attempts to establish pretext by arguing that FedEx shifted its reasons for his discipline, that FedEx now relies on reasons discovered by the decision-maker only after the severance offer initially was made and that some of the work errors recorded in his file are too old to support his termination. These allegations, however, are not supported by the record. Mr. Allen also points to the timing of his investigatory suspension, immediately upon his return from medical leave. Under the circumstances of this case, however, this evidence is not sufficient to meet Mr. Allen's burden. Mr. Allen's termination came only after a comprehensive review of his overall work performance, which FedEx initiated

3

because significant errors had been discovered during his absence. Accordingly, summary judgment was entered properly for FedEx on Mr. Allen's FEHA discriminatory discharge claim.

3.

On his claim that FedEx failed to engage in the interactive process, Mr. Allen has not challenged an independent basis for the district court's entry of judgment: failure to exhaust administrative remedies. "[T]he failure of a party in its opening brief to challenge an alternate ground for a district court's ruling given by the district court waives that challenge." Rodriguez v. Hayes, 591 F.3d 1105, 1118 n.6 (9th Cir. 2010). Even if we were to excuse the waiver in this court, however, we would agree with the district court's conclusion that Mr. Allen did not exhaust his administrative remedies with respect to his interactive process claim. He presented a charge to the California Department of Fair Employment and Housing that made no reference whatsoever to his employer's failure to work with him in either his factual description or his selection from the list of claimed discriminatory acts.

AFFIRMED.